**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 13, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

_____

JAMES JORDANOFF, IV,

     Plaintiff - Appellant,

v.

SHERIFF JOSEPH K. LESTER, in his
individual and official capacities;
CHRISTY MILLER, Assistant District
Attorney,

     Defendants.

No. 15-6148
(D.C. No. 5:15-CV-00578-R)
(W.D. Okla.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **GORSUCH**, **MATHESON**, and **MORITZ**, Circuit Judges.
_____

In his amended complaint, James Jordanoff alleged that a sheriff and

prosecutor violated his constitutional rights during his criminal prosecution and

incarceration. In response a magistrate judge issued a report recommending

dismissal of the claims against the sheriff on the basis of the statute of limitations and

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

dismissal of the claims against the prosecutor on the basis of immunity. Recommendations the district court eventually adopted in full.

Mr. Jordanoff seeks to undo this result on appeal, but even construing his *pro se* brief liberally we cannot find fault with the district court's disposition. The only material and nonconclusory argument we can discern in Mr. Jordanoff's appellate submission is the claim that the statute of limitations should have been equitably tolled because he suffers from mental illness. But Mr. Jordanoff did not raise this argument in his objections to the magistrate judge's report and recommendation to the district court, so this court's "firm waiver rule" blocks any appellate review of this question. *See Morales-Fernandez v. INS*, 418 F.3d 1116, 1119 (10th Cir. 2005); *Hall v. Jordan*, 143 F. App'x 74, 75-76 (10th Cir. 2005).

The judgment is affirmed. We grant Mr. Jordanoff's motion for leave to proceed without prepayment of fees, but we remind him that he remains obligated to continue making partial payments until the filing fee is paid in full.

ENTERED FOR THE COURT

Neil M. Gorsuch
Circuit Judge

2